UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSHUA ANGEL FLORES,

    Plaintiff,

    v.                               CAUSE NO. 3:22-CV-24-RLM-MGG

OSTERDAY, et al.,

    Defendants.

OPINION AND ORDER

Joshua Angel Flores, a prisoner without a lawyer, filed an amended complaint containing unrelated claims. He has sued Judge Osterday for allegedly denying him his right to a fast and speedy trial because he didn't have a trial within the required seventy-day period. Mr. Flores has sued Captain Landsman for allegedly discriminating against him and subjecting him to unsanitary and dangerous conditions by housing him in an unclean cell with a gray mat that had blood on it. He also alleges that he has beaten a level six felony and wants to sue for wrongful incarceration. Mr. Flores has sued Goshen City Chief of Police and a person named Caradine for wrongful incarceration, discrimination, and pain and suffering because they allegedly scarred his knee and wrist and traumatized his family members when they arrested him. It doesn't appear that there is any relationship between these events. "Unrelated claims against different defendants belong in different suits . . .." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). See also Owens v. Evans, 878 F.3d 559, 566 (7th Cir. 2017).

A court has several options. when a *pro se* prisoner files a suit with unrelated claims. Wheeler v. Wexford Health Sources, Inc., 689 F.3d 680, 683 (7th Cir. 2012). This court's practice is to notify the plaintiff and let him decide which claim (or related claims) to pursue in the case – as well as to decide when or if to bring the other claims in separate suits. *Id*. ("The judge might have been justified in directing Wheeler to file separate complaints, each confined to one group of injuries and defendants."). This is usually the fairest solution because "the plaintiff as master of the complaint may present (or abjure) any claim he likes." Katz v. Gerardi, 552 F.3d 558, 563 (7th Cir. 2009). Unless Mr. Flores can establish a connection between these seemingly unrelated circumstances, his claim against Judge Osterday for denying him a fast and speedy trial, his claim against Captain Landsman for discriminating against him and subjecting him to unsanitary cell conditions, his claim for wrongful incarceration after he beat a level six felony charge, and his claims against the Goshen City Chief of Police and Caradine for wrongful incarceration, discrimination, and pain and suffering, don't belong in the same lawsuit.

The court could properly limit this case by choosing a claim (or related claims) for Mr. Flores because "[a] district judge [can] solve the problem by . . . dismissing the excess defendants under Fed. R. Civ. P. 21." Wheeler v. Wexford Health, 689 F.3d at 683. Alternatively, the court could split the unrelated claims because "[a] district judge [can] solve the problem by severance (creating multiple suits that can be separately screened) . . .." *Id*. Both of these solutions pose potential problems, so it's the prisoner plaintiff who should make the decision whether to incur those additional

2

filing fees and bear the risk of additional strikes. If Mr. Flores is unable to select related claims on which to proceed in this case, one of these options might become necessary. Mr. Flores needs to decide which related claims and associated defendants he wants to pursue in this case. *See* Katz v. Gerardi, 552 F.3d at 563 and Wheeler v. Wexford Health, 689 F.3d at 683. Then, he needs to file a second amended complaint including only a discussion of the related claims and defendants. In the second amended complaint, he should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible. He shouldn't write about other events and conditions at the prison which are not directly related to the claim against the named defendant or defendants. If he believes those other events or conditions state a claim, he needs to file separate lawsuits.

For these reasons, the court:

(1) DIRECTS the clerk to put this case number on a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) form and send it to Joshua Angel Flores along with two blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) forms and two blank AO 240 (Rev. 7/10) (INND Rev. 8/16) Prisoner Motion to Proceed In Forma Pauperis forms;[1]

(2) GRANTS Mr. Flores until **May 20, 2022**, to file a second amended complaint containing only related claims on the form with this case number sent to him by the clerk; and

---

[1] Mr. Flores may contact the Clerk's Office if he needs more additional forms.

4

    (3) CAUTIONS Mr. Flores if he doesn't respond by the deadline or if he files a second amended complaint with unrelated claims, the court will select one group of related claims and dismiss the others without prejudice.

    SO ORDERED on April 6, 2022

                                                  s/ Robert L. Miller, Jr.  
                                                  JUDGE  
                                                  UNITED STATES DISTRICT COURT