UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSHUA ANGEL FLORES,

    Plaintiff,

        v.                        CAUSE NO. 3:22-CV-24-RLM-MGG

CARADINE, et al.,

    Defendants.

## OPINION AND ORDER

Joshua Angel Flores, a prisoner without a lawyer, filed an amended complaint. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Flores is suing the Goshen City Chief of Police and a person named Caradine for wrongful incarceration, discrimination, dangerous conditions, and pain and suffering. He alleges the defendants injured his knee and wrist and traumatized his family members when they arrested him. Mr. Flores says he has beaten the felony six charge.

The amended complaint is short on facts, dates, and specifics about Mr. Flores's wrongful incarceration. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic v. Twombly, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic v. Twombly, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. at 679 (quotation marks and brackets omitted). A "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." Swanson v. Citibank, N.A., 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

While Mr. Flores's amended complaint doesn't state a claim on which relief can be granted, the court will give him an opportunity to replead, if after reviewing this order, he believes he can state a claim. Luevano v. WalMart Stores, Inc., 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); Loubser v. Thacker, 440 F.3d 439, 443 (7th Cir. 2006). If he prepares an amended complaint, he should explain in his own words what

happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible.

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) and send it to Joshua Angel Flores;

(2) GRANTS Joshua Angel Flores until **June 6, 2022**, to file an amended complaint on that form; and

(3) CAUTIONS Mr. Flores that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on May 12, 2022

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT