UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSHUA ANGEL FLORES,

    Plaintiff,

        v.                        CAUSE NO. 3:22-CV-24-RLM-MGG

CARADINE, et al.,

    Defendants.

OPINION AND ORDER

Joshua Angel Flores, a prisoner without a lawyer, filed a third amended complaint. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

As in his first and second amended complaints, Mr. Flores sues the Goshen City Chief of Police and a person named Caradine for wrongful incarceration, discrimination, dangerous conditions, and pain and suffering. He alleges the defendants harmed him, traumatized his family members when they arrested him, and locked him up in a nasty cell. Mr. Flores also says he has beaten a felony 6 charge.

Mr. Flores's vague allegations lack detail and don't amount to constitutional violations by the Goshen City Chief of Police or Caradine.

Mr. Flores has been given two opportunities to correct the deficiencies in his first and second amended complaints but hasn't done so. The court reviewed Mr. Flores's first amended complaint, advised him that it contained unrelated claims, and gave him a chance to file a second amended complaint containing only related claims. Mr. Flores next filed a second amended complaint against the Goshen City Chief of Police and Caradine for wrongful incarceration, but the court determined that the second amended complaint was "short on facts, dates, and specifics about Mr. Flores's wrongful incarceration." The court explained:

> A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic v. Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic v. Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). A "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Even though Mr. Flores's second amended complaint didn't state a claim for which relief could be granted, the court gave Mr. Flores an opportunity to file a third amended complaint. But Mr. Flores's third amended complaint fares no better as he

2

has done nothing to correct the deficiencies pointed out to him previously and he still hasn't stated a claim on which relief can be granted against the Goshen City Chief of Police or Caradine.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018), but "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." Hukic v. Aurora Loan Servs., 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, that's the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on July 25, 2022

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT